Bichardson, Cb. J.,
delivered tie opinion, of the court.
The claimant makes the following motion:
“Now comes the petitioner, by Denver & Brownell, his attorneys, and moves this honorable court for a judgment on the award in the said above-entitled cause, as made by the Secretary of the Interior, to wit, in the month of April, A. D. 1800, for the sum of three thousand seven hundred and seventy-six dollars and fifty cents ($3,776.50), as will appear by the records and files in the said claim. No. 475, filed therein in the Court of Claims, in compliance with the provisions of the statutes in such cases made and provided.”
In response to a call of the court for “ any information or papers supposed to be on file in the Interior Department” in relation to this claim, the Secretary of the Interior, on July 33,1891, transmitted a report from the Commissioner of Indian Affairs, “inclosing papers pertaining to the ease referred to, and showing the action taken by this office thereon.”
From these papers we find that in 1889 the claim was investigated by the Interior Department through a special agent, who made a favorable report for the allowance to the claimant of $3,776.50, the amount for which judgment is now asked.
This report appears to have been examined by a clerk in the Office of Indian Affairs, and a report to the Secretary of the Interior prepared by him for the signature of the Commissioner with these conclusions:
“Therecommendations of Special Agent Bishop are adopted, and the following formal conclusions are submitted:
“ (1) That claimants were citizens of the United States at the date of the depredations.
“ (2) That the Bogue Biver Indians were in treaty relations at that time by treaty of September 10,1883, and by article Vi of such treaty are chargeable with claimant’s loss. (Vide 10 Stat. L., 1018).
“(3) That claimants lost, as alleged, property valued at $3,776.50, and enumerated in the allowance made by Commissioners Tryon, Blake, and Sutherland, on page 12 of this report, and the claim is recommended for allowance in that amount.”
The report, supposed to be drafted about April, 1890, is without date, and was never signed by the Commissioner.
It does not anywhere appear that this unsigned report was ever approved by the Secretary of the Interior either directly *323 or indirectly, or that it has been treated in the Interior Department as a determination of the claim. On the contrary, we find in the report of the Secretary of the Interior made to Congress March 11,1886, in compliance with the act of March 3, 1886, this claim mentioned, and in the column headed “Amount allowed7’ no amount is put down, while in the column headed “Remarks” are the words “Claim returned to claimant. (Ex. Doc. 125, Forty-ninth Congress, first session, p. 4, No. of claim 21).
We must therefore hold that this is not one of the unpaid claims examined, approved, and allowed by the Secretary of the Interior in pursuance of the act of March 3,1885, which are entitled to priority of consideration by the court and to judgment “unless either the claimant or the United States elect to reopen the case.” (Act of March 3,1891, ch. 538,1 Supp. Rev. Stat., 2d ed., p. 913, and notes.)
In Mitchell’s Case (ante p. 316) we have expressed our opinion of the effect of the report of the Secretary of the Interior as to the approval of previously allowed claims.
The motion is overruled.